UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FREDRICK SCOTT,

        Plaintiff,

  v.                                      Case No. 12-C-511

AMY ANDERSON,

        Defendants.

**ORDER**

      Plaintiff has filed an action under 42 U.S.C. § 1983. Ordinarily, a plaintiff must pay a statutory filing fee of $350 to bring an action in federal court. 28 U.S.C. § 1914(a). Plaintiff, however, has requested leave to proceed in forma pauperis, pursuant to 28 U.S.C. § 1915.

      Section 1915 is meant to ensure indigent litigants meaningful access to federal courts. *Nietzke v. Williams*, 490 U.S. 319, 324 (1989). An indigent plaintiff may commence a federal court action, without paying required costs and fees, upon submission of an affidavit asserting inability "to pay such fees or give security therefor" and stating "the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." 28 U.S.C. § 1915(a)(1). Plaintiff filed the required affidavit of indigence. Upon review of that affidavit, it appears that plaintiff could not pay the $350 filing fee.

      Section 1915 also requires courts to "screen" complaints to ensure that indigent plaintiffs do not abuse the ability to bring cases without paying a filing fee. Plaintiff alleges that his probation officer, Amy Anderson, contacted his physician and told her that Plaintiff had a "dirty" urine sample, even though Plaintiff had refused to sign a consent and release form. This, he asserts,

violated his right to privacy. He claims that he is unable to find a doctor willing to treat him now because his positive urine test (cocaine and methadone) shows up "in black and white" on all of his medical files.

Plaintiff's probation agent did not obtain confidential information from Plaintiff's doctor. Instead, she supplied his urinalysis results *to* that doctor. As the revocation summary attached to the complaint reveals, Plaintiff had already been concerned that a positive test result might be shared with his doctor, "which would result in his losing his prescriptions." (Compl. at 9.) An agent's ability to contact a physician regarding test results taken *by* the probation authority is not governed by consent forms. As shown here, it is quite reasonable that a result that is positive for cocaine would be shared (and probably *should* be shared) with a treating physician because that information could be critical to the patient's treatment. Some medications can interact adversely with illegal drugs, possibly causing serious injury or even death. The information could also affect what kinds of prescriptions the plaintiff is eligible for. This is not the sort of thing over which individuals on probation have complete control, for reasons that should be obvious. In short, those on probation do not have privacy interests in keeping their urine test results from their own physicians. The complaint will therefore be dismissed.

**NOW, THEREFORE, IT IS HEREBY ORDERED** that plaintiff's request to proceed *in forma pauperis* is granted and the filing fee is waived.

The complaint is **DISMISSED** for failure to state a claim.

**SO ORDERED** this   29th   day of May, 2012.

s/ William C. Griesbach  
William C. Griesbach  
United States District Judge